The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for the minor modification to Finding of Fact Number 7.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a fifty year old woman who had successfully completed the eighth grade. Plaintiff was employed by the defendant-employer as a round cuff operator. Plaintiff's job duties required her to sew round cuffs on the sleeve of shirts manufactured by the defendant-employer. Each bundle of shirts that plaintiff handled contained a sticker that identified the size of the shirts handled. These stickers were attached to plaintiff's timecard after plaintiff completed her workshift.
2. Previously on October 5, 1991, plaintiff had sustained an injury by accident in the course and scope of her employment with Doxey Furniture Corporation. Plaintiff was diagnosed as having sustained lateral epicondylitis in her right forearm. On August 6, 1992, the Industrial Commission approved a settlement agreement whereby plaintiff received $5,100.00 for the injury to her right forearm.
3. Plaintiff has gone though the job application process twice with the defendant-employer since the date of the approved settlement agreement on August 6, 1992. On November 8, 1994, plaintiff was hired to set collars for the defendant-employer. In a medical questionnaire completed by the plaintiff on the day she was hired, plaintiff responded "no" to a question that specifically inquired as to whether plaintiff had ever been injured on the job. On July 9, 1996, plaintiff was rehired by the defendant-employer. In a medical questionnaire completed by the plaintiff on the day that she was rehired, plaintiff responded "no" to the same question that specifically inquired as to whether plaintiff had ever been injured on the job. Plaintiff's testimony explaining her failure to disclose her forearm injury in both of these questionnaires is not credible.
4. In a set of interrogatories submitted by the defendants to the plaintiff, the defendants inquired as to whether she had ever asserted a claim for damages, compensation or workers' compensation for personal injuries. Plaintiff responded "no" to this inquiry despite knowing that she had settled a workers' compensation claim with Doxey Furniture. Plaintiff's testimony explaining her failure to disclose her prior workers' compensation claim for her right forearm is not credible.
5. Plaintiff testified that on July 28, 1996 she injured her left shoulder while lifting a bundle of shirts. Plaintiff testified that this bundle of shirts were shirts with the size triple extra large. Plaintiff testified that she had never handled triple-extra large shirts prior to this occasion. Plaintiff's timecard revealed that plaintiff did not handle any shirt sizes greater than extra large on July 29, 1996.
6. As a result of lifting a bundle of shirts on July 29, 1996, plaintiff sustained bursitis in her left shoulder.
7. None of the bundles lifted by plaintiff on July 29, 1996 required an unusual or unexpected degree of exertion. The average weight of the largest bundles handled by the plaintiff on July 29, 1996 was twenty-three pounds. Plaintiff's regular job duties required her to lift up to twenty-three pounds. Further, the number of shirts sewed on this date was substantially comparable to the number sewed on other dates.
8. The July 29, 1996 incident did not constitute an interruption of plaintiff's normal job routine.
9. Further, on August 6, 1996, plaintiff was questioned by insurance adjuster, Pam Seagroves, as to whether plaintiff had ever had any prior workers' compensation claims. Plaintiff reported that she had no prior workers' compensation claims.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident when she injured her left shoulder on July 29, 1996. N.C. Gen. Stat. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
This ___ day of May 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
DCS:bjp